1
2
3
4
5
6               **UNITED STATES DISTRICT COURT**
7                    **DISTRICT OF NEVADA**
8

9  UNITED STATES OF AMERICA,          )        Case No. 2:16-cr-00230-GMN-CWH
                                      )
10              Plaintiff,            )
                                      )
11        v.                          )
                                      )
12  DEVIN THOMPSON,                   )        **REPORT & RECOMMENDATION**
                                      )
13              Defendant.            )
                                      )
14  _____ )

15        Presently before the court is Defendant Devin Thompson's Motion to Suppress Evidence

16  (ECF No. 143), filed on January 2, 2018.  The government's response (ECF No. 146) was filed on

17  January 9, 2018, and Thompson's reply (ECF No. 149) was filed on January 22, 2018.  The

18  government also filed a memorandum (ECF No. 159) on February 7, 2018, limiting the arguments it

19  intended to pursue in response to Thompson's motion.  The court conducted an evidentiary hearing

20  on February 12, 2018.  (Mins. of Proceedings (ECF No. 160).)

21        In summary, the Drug Enforcement Agency ("DEA") began an investigation into

22  Thompson's drug trafficking activities in February of 2016.  As part of this investigation, undercover

23  police officers made several purchases of illegal narcotics from Thompson, who used his Mercedes

24  automobile ("the Mercedes") to conduct the sales.  A search warrant was issued on July 5, 2016

25  authorizing the search of Thompson's apartment.  Although not listed in the warrant, the Mercedes

26  was also seized and searched after it was found at the apartment complex in the parking space

27  assigned to Thompson's apartment.  Firearms and illegal drugs were found within a hidden

28  compartment in the Mercedes.  It is this evidence which Thompson moves to suppress.

## I.    Background

On May 3, 2016, a magistrate judge issued a tracking warrant for Thompson's Mercedes, and on June 16, 2016, the warrant was extended for another 45 days.  (Gov't Exs. 1-2 (ECF No. 161).) The Mercedes is registered to Thompson.  (*Id.*)  Additionally, wire and electronic communications interceptions were approved on April 25 and May 24, 2016, with multiple extensions, by the district judge assigned to the case.  (Gov't Ex. 3 (ECF No. 161) at ¶ 22.)

On July 5, 2016, DEA Special Agent Shane Nestor submitted an application for multiple warrants locations in Las Vegas, including apartment #2050 at 7200 Pirates Cove Road.  (Gov't Ex. 3 (ECF No. 161).)  Agent Nestor's affidavit described a series of drug transactions beginning in February 2016, when the DEA's Las Vegas office received information from a confidential source suggesting that Thompson was involved in the distribution of MDMA, ecstasy, cocaine, marijuana, and prescription pills.  (*Id.*)  In conjunction with the tracking warrant and wire intercepts, police conducted physical surveillance of Thompson and his associates, and observed them conducting drug transactions.  Undercover drug transactions were conducted on March 16, April 26, April 29, May 26, June 9, and June 27, 2016.  Agent Nestor testified that in these transactions, Thompson used his Mercedes for transportation to or from the location of the drug sale transaction.  Additionally, Agent Nestor testified that during intercepted conversations from May 14, 2016, Thompson stated he had a "stash box" in his Mercedes.  Agent Nestor understood that a "stash box" was a hiding place for drug contraband and proceeds.

A magistrate judge issued the search warrant on July 5, 2016 to authorize a search of Thompson's apartment, and a seizure of the items described in Agent Nestor's application.  The warrant did not authorize the search or seizure of the Mercedes.  Agent Nestor testified that Thompson was arrested at 2:30 p.m. on July 5, 2016, and the search warrant was executed at Thompson's apartment on about 6:30 p.m. on the same day.

Las Vegas Metropolitan Police Department Detective Jarred Grimmett, a task force member assigned to the DEA, testified that within Thompson's apartment, agents found various prescription medications, pill bottles, and identifying paperwork.  At the same time as the apartment search, the agents also seized the Mercedes, which was parked outside of his apartment, apparently in his

2

assigned parking space.  The Mercedes was driven to the local law enforcement office where it was searched.  During the search, Detective Grimmett located a hidden compartment in the dashboard.  Inside the compartment, he discovered (1) a .38 caliber Smith & Wesson 638 revolver, loaded with five .38 caliber bullets; (2) a 9mm Smith & Wesson MP9 semi-automatic handgun, loaded with six 9mm caliber bullets; and (3) varying quantities of several narcotics which Thompson was not authorized to possess.

On July 27, 2016, a grand jury returned a six-count indictment charging Thompson with (1) one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846; (2) one count of distributing a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (3) one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii); and (4) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (Indict. (ECF No. 18).)  A superseding indictment, returned on September 14, 2016, amended the charges in ways not relevant to this motion.  (Superseding Indict. (ECF No. 50).)  The felon-in-possession count alleged that on June 30, 2016, Thompson knowingly possessed three different firearms, none of which was among the guns recovered from the Mercedes.  At the hearing in this matter, the government indicated that the contraband seized from the Mercedes is relevant to the question of sentencing in this case.

## II.    Analysis

Thompson seeks suppression of the items recovered from his Mercedes, claiming the search was outside the scope of the warrant, and that no exception to the warrant requirement justified the officers' search of the Mercedes.  The government argues that the search is valid as a search pursuant to the automobile exception to the warrant requirement.[1]  Thompson replies that the automobile exception is only applicable when there are both probable cause and exigent circumstances that the vehicle might be moved, or contraband might be removed before police could obtain a warrant.

/ / /

---

[1]  The government initially argued that the search was also justified as an inventory search, but later abandoned this argument in a subsequent memorandum (ECF No. 159).

1    The Fourth Amendment protects the "right of the people to be secure in their persons, houses,

2  papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  Generally,

3  a warrant is required to ensure a search's reasonableness.  *Maryland v. Dyson*, 527 U.S. 465, 466

4  (1999).  In *Carroll v. United States*, the Supreme Court recognized an exception to the Fourth

5  Amendment's warrant requirement when officers search an automobile.  267 U.S. 132, 153 (1925).

6  Originally, the rationale for the exception was the practical challenges of obtaining a warrant for a

7  vehicle that could be "quickly moved" out of the jurisdiction.  *Id*.

8    Since *Carroll,* the Court has identified an additional justification for the exception: "the

9  expectation of privacy with respect to one's automobile is significantly less than that relating to

10  one's home or office."  *South Dakota v. Opperman*, 428 U.S. 364, 367 (1976).  This reduced

11  expectation in privacy is based, in part, upon the relative openness of a car's passenger compartment,

12  *Cardwell v. Lewis*, 417 U.S. 583, 590 (1974), but the Court has also applied the exception to closed

13  compartments in the vehicle.  *Chambers v. Maroney*, 399 U.S. 42, 44 (1970).  The reduced

14  expectation of privacy is also based upon "the pervasive regulation of vehicles capable of traveling

15  on the public highways."  *California v. Carney*, 471 U.S. 386, 392 (1985).  The automobile exception

16  therefore "justif[ies] searches without prior recourse to the authority of a magistrate so long as the

17  overriding standard of probable cause is met." *Id*.  No exigency beyond that created by the ready

18  mobility of an automobile is required for a warrantless search of a car to fall within the automobile

19  exception.  *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996).  *See also, Maryland v. Dyson*, 527

20  U.S. 465, 467 (1999) (holding that there need not be an exigency for the automobile exception to

21  apply); *United States v. Hamilton*, 792 F.2d 837, 843 (9th Cir. 1986) (upholding the search of a

22  motor home located in a residential driveway with easy access to a public road because there was

23  probable cause to believe the evidence of crimes would be found).  *And see*, 3 Wayne R. LaFave,

24  Search & Seizure § 7.2(b), at 557 & n.79 (4th ed. 2004) (collecting cases finding that exigency is

25  now "irrelevant" to the automobile exception).  Probable cause exists when, given the totality of the

26  circumstances, a reasonable person could believe there is a fair probability that contraband or

27  evidence of a crime would be found in a particular place.  *See Illinois v. Gates*, 462 U.S. 213, 238

28  (1983).

Here, there is no question that the Mercedes was readily mobile, or that it was registered to Thompson.  The Mercedes was therefore subject to the regulations which diminish expectations of privacy in the vehicle.  The question of probable cause for the search and seizure on July 5, 2016 had already been determined by the magistrate judge on June 16, 2016, who declared that there was probable cause to believe that the Target Vehicle is being and will be used to further the offenses of unlawful distribution of illegal controlled substances and/or conspiracy to distribute narcotics in the District of Nevada and elsewhere.  (Gov't Ex. 2 (ECF No. 161).)

Moreover, if probable cause alone justifies the warrantless search of a vehicle, certainly the warrantless seizure of such a vehicle, based only probable cause, also falls within the automobile exception.  *See United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985).  Accordingly, the seizure and movement of the vehicle to law enforcement officers for search was not unlawful, and the evidence should not be suppressed.

## III.    Recommendation

Accordingly, **IT IS HEREBY RECOMMENDED** that Thompson's Motion to Suppress Evidence (ECF No. 143) be **denied**.

## IV.    Notice

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 21, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

5