UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>DEVIN THOMPSON,<br><br>              Defendant. | Case No.: 2:16-cr-00230-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Carl W. Hoffman, (ECF No. 162). Defendant Devin Thompson ("Defendant") filed an Objection, (ECF No. 164), and the Government filed a Response, (ECF No. 168).

Also, the Court received supplemental briefs from both parties, (ECF Nos. 196, 199). For the reasons discussed below, the Court accepts and adopts in full Judge Hoffman's Report and Recommendation to the extent that it is not inconsistent with this opinion.

I. **BACKGROUND**

This case arises from an investigation by the Drug Enforcement Agency ("DEA") into Defendant's drug trafficking activities in February of 2016. (*See* Aff. ¶ 12, Ex. A to Mot. to Suppress, ECF No. 143-1). The investigation included the issuance of tracking warrants for Defendant's silver 2003 Mercedes Benz (the "Mercedes") on May 3, 2016, and June 16, 2106. (*See* Tracking Warrants at 23–25, 41–46, Gov't Ex. 1–2, ECF No. 161). During the investigation, undercover police officers made several purchases of illegal narcotics from Defendant, who used the Mercedes to conduct these narcotics sales. (*See id.* ¶ 13–20); (*see also* Report of Investigation ¶ 3 at 14, Ex. D to Mot. to Suppress,

ECF No. 143-2). On July 5, 2016, a search warrant was issued authorizing the search of Defendant's apartment. (*See* Search Warrant, Ex. B to Mot. to Suppress, ECF No. 143-2). The Mercedes was not listed in the warrant; however, after the Mercedes was found at the apartment complex in the parking space assigned to Defendant's apartment, it was seized and transported to the DEA's Las Vegas District Office where an inventory searched was conducted. (*See* Report of Investigation ¶ 3 at 14, Ex. D to Mot. to Suppress, ECF No. 143-2). During the search, firearms and illegal drugs were found within a hidden compartment in the Mercedes. (*See id*. ¶¶ 4–17 at 14–15). On July 6, 2016, Defendant was arrested and detained pending trial. (Mins. of Proceedings, ECF No. 3).

In the underlying Motion, Defendant moves to suppress the evidence found in the Mercedes. Defendant's Motion to Suppress, (ECF No. 143), was referred to Judge Hoffman pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4. In the Report and Recommendation, Judge Hoffman recommends that this Court enter an order denying Defendant's Motion to Suppress Evidence. (R. & R. 5:14–15, ECF No. 162). On March 8, 2018, Defendant filed his Objection where he objects to Judge Hoffman's recommendation on the basis that the automobile exception "does not justify a warrantless seizure of [his] car, and the search that resulted from that seizure was therefore unlawful." (Obj. 7:4–5, ECF No. 164).

## II.　LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*. The Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

### III. DISCUSSION

In the instant Objection, Defendant claims that the automobile exception does not apply because Judge Hoffman's "Report and Recommendation fails to consider that [Defendant's] vehicle was parked on private property and not in a public place." (Obj. 2:12–13, ECF No. 164). Defendant claims that "[w]here exigent circumstances are absent, seizure of a car parked on private property violates the Fourth Amendment and evidence recovered pursuant to a subsequent search must be suppressed." (Obj. 5:24–6:2). The parties do not dispute that there was a search and seizure of the Mercedes that went beyond the scope of the search warrant. (*See* Resp. to Mot. to Suppress 6:8–10, ECF No. 146). Therefore, the question before the Court is what exceptions, if any, may apply to the search and seizure of the Mercedes. In its analysis, the Court will address two relevant exceptions to the warrant requirement: (1) the automobile exception; and (2) exigent circumstances.[1]

#### A. Automobile Exception

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, a warrant is required to ensure a search's reasonableness. *Maryland v. Dyson*, 527 U.S. 465, 466 (1999). The Supreme Court has held that police may conduct a warrantless search of a vehicle if they have probable cause to believe that

---

[1] The Mercedes was parked in a private parking lot of an apartment complex when it was seized, and the parties agree that the Mercedes was not located in the curtilage of Defendant's residence. (*See* Gov't Suppl. 3:7–8, ECF No. 196); (*see also* Def. Suppl. 2:23–24, ECF No. 199). Thus, the holding in *Collins v. Virginia*, 138 S. Ct. 1663 (2018), which states that "the automobile exception does not permit an officer without a warrant to enter a home or its curtilage in order to search a vehicle therein" is not applicable to the instant Objection. *Collins*, 138 S. Ct. at 1675 (2018).

it contains contraband. *See Carroll v. United States*, 267 U.S. 132, 162 (1925); *see also United States v. Ross*, 456 U.S. 798, 799 (1982). This exception to the warrant requirement is known as the "automobile exception." *California v. Carney*, 471 U.S. 386, 390 (1985). Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

The applicability of the automobile exception does not turn on whether the car's owner or driver has already been taken into custody, or whether the risk of mobility has otherwise been eliminated; rather, the exception is justified by the exigency created by the inherent mobility of vehicles as well as the relatively minimal expectation of privacy that exists with respect to automobiles. *See California v. Carney*, 471 U.S. 386, 391 (1985); *see also United States v. Johns*, 469 U.S. 478, 487-88 (1985) (upholding a search of packages seized from automobiles where the search occurred three days after police had arrested the automobile's occupant); *see also Michigan v. Thomas*, 458 U.S. 259, 261 (1982) (noting that "the justification to conduct such a warrantless search does not vanish once the car has been immobilized"); *see also Chambers v. Maroney*, 399 U.S. 42, 52 (1975) (holding, for an impounded car, that "[t]he probable-cause factor still obtained at the station house and so did the mobility of the car"); *see also United States v. Davis*, 530 F.3d 1069, 1084 (9th Cir. 2008) (upholding the search of a legally parked car that followed the arrest of that car's driver); *see also United States v. Hatley*, 15 F.3d 856, 858, 860 (9th Cir. 1994) (upholding a vehicle search conducted after police stopped defendant in his vehicle and returned him to his residence).

Thus, if the vehicle is "readily mobile by the turn of an ignition key, [even if it is] not actually moving," and is being "use[d] as a licensed motor vehicle subject to a range

of police regulation inapplicable to a fixed dwelling," then "the overriding societal interests in effective law enforcement justify an immediate search before the vehicle and its occupants become unavailable," so long as there is probable cause. *Carney*, 471 U.S. at 392-93. "It follows from the Court's opinion in *Carney*, that if the existence of probable cause alone justifies the warrantless search of a vehicle parked in a public place, certainly a warrantless seizure of such a vehicle, based only on probable cause, also falls within the automobile exception." *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985). No exigency, apart from the inherent mobility of the vehicle, is required for a warrantless search of a car pursuant to the automobile exception. *See Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996); *see also Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (holding that there need not be an exigency for the automobile exception to apply).

Here, Defendant relies on *United States v. Gooch*, 6 F.3d 673, (9th Cir. 1993), which states that "the automobile exception applies only when a vehicle is on the open road or is capable of movement and is 'in a place not regularly used for residential purposes—temporary or otherwise.'" *Gooch*, 6 F.3d at 677 (holding that a defendant had a reasonable expectation of privacy in a tent because "a tent is more like a house than a car") (quoting *California v. Carney*, 471 U.S. 386, 392 (1985)). However, the Court finds that Defendant's argument—that the automobile exception turns on whether the vehicle's location was a residential one—misconstrues the meaning of *Carney*. "*Carney* does not establish a requirement that additional exigent circumstances be present merely because an automobile is parked at a residence." *United States v. Reis*, 906 F.2d 284, 290–91 (7th Cir. 1990).

Moreover, the Ninth Circuit has held that the automobile exception applies to a search of a vehicle parked in a private driveway. *See United States v. Hamilton*, 792 F.2d 837, 843 (9th Cir. 1986), *disapproved of on other grounds by United States v. Kim*, 105

F.3d 1579 (9th Cir. 1997) (upholding the search of a motor home located in a residential driveway with easy access to a public road because there was probable cause to believe the evidence of crimes would be found); *see also United States v. Hatley*, 15 F.3d 856, 858–59 (9th Cir. 1994) ("Though we have never addressed the precise issue of whether the vehicle exception applies to an inoperable vehicle, we have explicitly held that the vehicle exception applies to a search of a vehicle parked on a private driveway."); *see also United States v. Heffington*, 951 F.2d 363 (9th Cir. 1991).

  As stated by Judge Hoffman, "there is no question that the Mercedes was readily mobile, or that it was registered to [Defendant]." (R. & R. 5:1–2, ECF No. 162). Additionally, Defendant does not expressly argue in his Objection that probable cause for the search and seizure of the Mercedes did not exist. After tracking the Mercedes from May 3, 2016, until July 5, 2016, the DEA had known for some time the role that the vehicle played in the alleged crime. (*See* Aff. ¶ 11 at 37, Gov't. Ex. 2, ECF No. 161). Indeed, as part of this investigation, undercover police officers made several illegal narcotics purchases from Defendant, who used the Mercedes to conduct the sales. (*See* R. & R. 1:22–24, ECF No. 162); (*see also* Aff. ¶¶ 8–11 at 36–37, Gov't. Ex. 2, ECF No. 161). The Court therefore finds probable cause existed for the DEA agents' search and seizure of the Mercedes, and thus, the application of the automobile exception is proper.

  The Court's finding of probable cause is further supported by the record. For example, on June 16, 2016, Magistrate Judge Koppe declared that there was "probable cause to believe that the [Mercedes] is being and will be used to further the offenses of unlawful distribution of illegal controlled substances and/or conspiracy to distribute narcotics in the District of Nevada and elsewhere." (*See* Tracking Warrant 44:14–18, Gov't Ex. 2, ECF No. 161). This supplements the Court's finding.

### B. Exigent Circumstances

Even if the Court did not find that the automobile exception justified the search and seizure of the Mercedes, exigent circumstances would also apply. The Exigent circumstances exception to the warrant requirement applies when probable cause exists and "'the exigencies of the situation' make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394 (1978). A number of different conditions may create exigencies justifying a warrantless search, including: emergency assistance to an injured occupant of a home, hot pursuit of a fleeing suspect, and the need to prevent "imminent destruction of evidence." *See Kentucky v. King*, 563 U.S. 452, 460 (2011) (citing *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006)); *see also Coolidge v. New Hampshire*, 403 U.S. 443, 460 (1971) (explaining that exigent circumstances justify the warrantless search of a stopped automobile on the highway "where there is probable cause, because the car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained." (internal quotation and citation omitted)). The exigency arises when the opportunity to search is fleeting. *Coolidge*, 403 U.S. at 460.

Here, as discussed *supra*, given the totality of the circumstances, a reasonable person could believe there was a fair probability that contraband or evidence of a crime would be found in the Mercedes because Defendant was observed "[participating] in the sale and purchase of illegally obtained prescription pills and other narcotics" while officers were tracking his vehicle. (Aff. ¶¶ 6–13, Gov't Ex. 2, ECF No. 161). Because of this, the Court finds that there was probable cause for the DEA agents to believe that evidence of the alleged crime would be found in the Mercedes.

Further, due to the Mercedes' readily movable nature, the evidence found within could have been removed or destroyed. In fact, there was a risk that Defendant's girlfriend could have moved the car and destroyed the evidence. The DEA agents knew that Defendant's girlfriend lived with Defendant at his apartment and assisted him with drug transactions. (*See* Aff. ¶¶ 33–34, Ex. A to Mot. to Suppress, ECF No. 143-1). Specifically, Defendant's girlfriend agreed to supply a customer with narcotics from their apartment. (*Id.*). These facts indicate that Defendant's girlfriend most likely not only possessed an interest in moving the vehicle, but also possessed the ability and probable intention to relocate the Mercedes out of the reach of law enforcement. The Court finds that it is reasonable for the DEA agents to believe that after Defendant's girlfriend was alerted of his arrest, she would attempt to relocate the Mercedes from the parking space assigned to their apartment.

Additionally, the search warrant affidavit reveals that DEA agents knew that Defendant had a "network of drug associates, vehicles, and residences that he utilize[d] for the purposes of drug trafficking and heroin sales." (Aff. ¶ 9 at 53, Gov't Ex. 3, ECF No. 161). It is therefore reasonable for the agents to have believed that the Mercedes might be moved by one of Defendant's associates or girlfriend to an unknown residence and that the evidence inside would be destroyed or removed. After examining the circumstances as they reasonably appeared to the DEA agents, including the movability of the Mercedes, Defendant's girlfriend's access to the vehicle and interest in disposing of the evidence, and Defendant's associate's interest in destroying or moving the evidence, the Court finds that exigencies justified the seizure and subsequent search of the Mercedes.

Having reviewed the record *de novo*, the Court finds that Judge Hoffman's recommendation is appropriate. Probable cause existed, which satisfies the automobile

exception to the Fourth Amendment warrant requirement.  Moreover, exigent circumstances existed that justify the search and seizure apart from the automobile exception.  Therefore, the seizure and search of Defendant's Mercedes was lawful. Accordingly, the Court adopts Judge Hoffman's Report and Recommendation and denies Defendant's Motion to Suppress Evidence.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 162), is **ACCEPTED and ADOPTED** in full, to the extent that it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence, (ECF No. 143), is **DENIED**.

**DATED** this  22   day of August, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court