**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DEVIN THOMPSON, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-00230-GMN-DJA-1 <br><br> **ORDER** |

Pending before the Court is Defendant Devin Thompson's ("Defendant's") Motion for Compassionate Release, (ECF No. 399). The Government filed a Response, (ECF No. 402), and Defendant did not file a Reply.

Also pending before the Court is the Government's Motion for Leave to File Sealed Exhibit, (ECF No. 403). Defendant did not file a Response.

For the reasons discussed below, the Court **DENIES** the Motion for Compassionate Release and **GRANTS** the Motion to Seal.

**I.  BACKGROUND**

On November 12, 2019, Defendant pleaded guilty to one count of Conspiracy to Distribute Controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Third Superseding Indictment, ECF No. 327); (Mins. Proceedings, Change of Plea, ECF No. 355). On February 20, 2020, the Court sentenced Defendant to a total of 144-months custody. (*See* Mins. Proceedings, Sentencing, ECF No. 365); (J., ECF No. 366). Defendant is presently in custody at Yazoo City

Federal Correctional Institution, and he petitions this Court for compassionate release. (*See generally* Mot. Compassionate Release ("MCR"), ECF No. 399).

## II.     LEGAL STANDARD

The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), authorizes the sentencing court to modify a term of imprisonment in limited circumstances, upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A). The sentencing court may order compassionate release, "if after considering the factors set forth in 18 U.S.C. § 3553(a)," the defendant has demonstrated: (1) he has exhausted his administrative remedies; and (2) "extraordinary and compelling reasons" warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A). The Court must also consider whether a reduction in sentence is consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* While there is currently no applicable policy statement for § 3582(c)(1)(A) motions filed by a defendant, "the Sentencing Commission's statements in U.S.S.G § 1B1.13," which apply to § 3582(c)(1)(A) motions filed by the Bureau of Prisons ("BOP"), "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. April 8, 2021). Under U.S.S.G. § 1B1.13, "extraordinary and compelling reasons" include, among other things, age, terminal illnesses, and medical conditions "that substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Further, prior to reducing a sentence, U.S.S.G. § 1B1.13 directs courts to determine whether the defendant is a danger to the safety of any other person in the community. *Id.* The court may also consider "other reasons" including a "reason other than, or in combination with" a reason specifically provided in the Sentencing Guidelines. *Id.* The decision to grant compassionate

release is in the sentencing court's discretion. *See United States v. Wade*, 2:99-cr-00257-CAS-3, 2020 WL 1864906, at *5 (C.D. Cal. Apr. 13, 2020).

## III. DISCUSSION

The Court begins and ends it analysis with the extraordinary and compelling reasons Defendant proffers for release. Defendant argues that COVID-19, combined with his underlying health conditions, provides extraordinary and compelling reasons for his release. (*See generally* MCR, ECF No. 399). His argument has two elements. First, he contends that his facility experienced the worst tuberculosis outbreak in the history of the Bureau of Prisons; his prison has failed to implement protocols to prevent similar outbreaks; and the failure portends the spread of COVID-19 within the facility. (MCR at 3–6). Second, he argues that he has underlying health conditions that would put him at severe risk of COVID-19. (*Id.* at 7–8).[1]

However, Defendant has received the Pfizer-BioNTech vaccination for COVID-19, which has over 95% efficacy. (*See* Sealed Ex. 1 to Gov't's Resp., ECF No. 404). The Centers for Disease Control have advised that the vaccine effectively protects individuals against serious health outcomes from the virus. *See* Centers for Disease Control, Covid-19: Pfizer-BioNTech, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last updated May 27, 2021). The Government argues, and the Court agrees, that Defendant's Motion should be denied because of his vaccination status.[2]

---

[1] Additionally, Defendant argues that he is the only person who can provide care to his sick mother. (MCR at 7). While the Court is sympathetic to Defendant's desire to be with family, his mother's health does not warrant a reduction of his sentence.

[2] Even if Defendant were not vaccinated, the availability of the vaccine within his Bureau of Prisons facility may be sufficient to find that consequences from potential COVID-19 exposure will not furnish extraordinary and compelling reasons for release. The opportunity to receive a COVID-19 vaccine may indicate that persons in custody are able to safeguard themselves from the virus despite their custodial status, unless—for example—the individual suffers from an immune condition that lessens the vaccine's effectiveness. *Cf.* U.S.S.G. § 1B1.13 (suggesting that meritorious extraordinary and compelling reasons "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.").

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 399), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Leave to File Sealed Exhibit, (ECF No. 403), is **GRANTED**.[3]

Dated this __7__ day of June, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] The Exhibit contains Defendant's confidential medical records. Accordingly, the Court finds good cause to seal the record.