# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:16-cr-00230-GMN-DJA-1 |
| vs. | ) | |
| | ) | **ORDER** |
| DEVIN THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Petitioner Devin Thompson's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under § 2255 ("§ 2255 Mot."), (ECF No. 412). The Government filed a Response, (ECF No. 415), to which Petitioner filed a Reply, (ECF No. 417).

For the reasons discussed below, the Court **DENIES** Petitioner's § 2255 Motion.

## I.    BACKGROUND

This case arises from an investigation by the Drug Enforcement Agency ("DEA") into Petitioner's drug trafficking activities in February of 2016. (*See* Aff. ¶ 12, Ex. A to Mot. Suppress, ECF No. 143-1); (Presentence Report ("PSR") ¶ 19). As part of that investigation, on April 25, 2016, Special Agent Shane Nestor of the DEA submitted to the Court an application for a wiretap (the "Application"). The purpose of the wiretap was to intercept Petitioner's wire and electronic communication through a cellular telephone "concerning offenses involving violations of . . . conspiracy to distribute controlled substances . . . distribution of controlled substances . . . and unlawful use of communication facilities to facilitate the commission of drug felonies." (Aff. 2:15–3:2, 3:3–7, 43:7–14, Ex. A to Mot. Suppress, ECF No. 289-1). Attached alongside that Application was an affidavit by Special

///

Agent Nestor, which detailed the supporting reasons for the wiretap in light of facts and circumstances discovered throughout the investigation into Petitioner. (*Id.*).

The investigation also included the issuance of tracking warrants for Petitioner's silver 2003 Mercedes Benz (the "Mercedes") on May 3, 2016, and June 16, 2016. (*See* Tracking Warrants at 23–25, 41–46, Gov't Ex. 1–2, ECF No. 161).  During the investigation, undercover police officers made several purchases of illegal narcotics from Petitioner, who used the Mercedes to conduct these narcotics sales. (*See id.* ¶ 13–20); (*see also* Report of Investigation ¶ 3 at 14, Ex. D to Mot. to Suppress, ECF No. 143-2).  On July 5, 2016, a search warrant was issued authorizing the search of Petitioner's apartment. (*See* Search Warrant, Ex. B to Mot. Suppress, ECF No. 143-2).

The Mercedes was not listed in the warrant; however, after the Mercedes was found at the apartment complex in the parking space assigned to Petitioner's apartment, it was seized and transported to the DEA's Las Vegas District Office where an inventory searched was conducted. (*See* Report of Investigation ¶ 3 at 14, Ex. D to Mot. Suppress, ECF No. 143-2).  During the search, firearms and illegal drugs were found within a hidden compartment in the Mercedes. (*See id.* ¶¶ 4–17 at 14–15).  On July 6, 2016, Petitioner was arrested and detained pending trial. (Mins. of Proceedings, ECF No. 3).

Petitioner filed two Motions to Suppress. (Mots. Suppress, ECF No. 143, 289).  The first challenged the warrantless search of his Mercedes. (Mot. Suppress, ECF No. 143).  The second challenged the sufficiency of the affidavit supporting the wiretap, and requested the Court hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), because the affidavit allegedly contained material misstatements and omissions. (Mot. Suppress, ECF No. 289).  The Magistrate issued two Reports and Recommendations ("R&R"), both recommending denial of

///

///

Petitioner's Motions to Suppress. (R&R, ECF Nos 162, 308).  The Court subsequently adopted both Reports and Recommendations. (Orders Denying Mots. Suppress, ECF No. 210, 314).

On November 12, 2019, Petitioner pleaded guilty to one count of Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*See* Third Superseding Indictment, ECF No. 327); (Mins. Proceedings, Change of Plea, ECF No. 355).  Petitioner reserved the right to appeal the Court's denial of his Motions to Suppress. (Plea Agreement 12:16–19, ECF No. 356).

Probation recommended a 160-month sentence. (PSR ¶ 197).  Petitioner's counsel argued for a downward variance to a total term of eighty-four (84) months, in light of the sentences received by his co-defendants and the five-year mandatory minimum he was facing from his § 924(c) charge. (Def.'s Sentencing Mem., ECF No. 363); (Sentencing Transcript 23:13–29:19, ECF No. 410).  Ultimately, the Court sentenced Defendant to a total of 144-months custody. (*See* Mins. Proceedings, Sentencing, ECF No. 365); (J., ECF No. 366).

Petitioner appealed this Court's denial of his Motions to Suppress to the Ninth Circuit. As to Petitioner's first Motion to Suppress, he argued this Court incorrectly found the automobile exception to the warrant requirement justified the warrantless search of his Mercedes. *See United States v. Thompson*, 840 Fed. App'x 243, 243 (9th Cir. 2021).  As to the second Motion to Suppress, Petitioner asserted this Court erred in determining the affidavit showed that the wiretap was necessary, and by refusing to hold a *Franks* hearing to test some of the statements in the affidavit supporting the wiretap order. *Id.* at 244.  The Ninth Circuit rejected all of Petitioner's arguments and affirmed the findings and conclusions of this Court. ///

*Id.* at 243–44.  Petitioner subsequently filed the instant § 2255 Motion, (ECF No. 412), which the Court discusses below.

## II.   <u>LEGAL STANDARD</u>

Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court imposed the sentence "in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).  Section 2255 relief should be granted only where "a fundamental defect" caused "a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also Hill v. United States*, 368 U.S. 424, 428 (1962).

Limitations on § 2255 motions are based on the fact the movant "already has had a fair opportunity to present his federal claims to a federal forum," whether or not he took advantage of the opportunity. *United States v. Frady*, 456 U.S. 152, 164 (1982).  Section 2255 "is not designed to provide criminal defendants multiple opportunities to challenge their sentence." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir.2000).  Further, "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so," the defendant is in procedural default. *Johnson*, 988 F.2d at 945; *see also Bousley v. United States,* 523 U.S. 614, 622 (1998).

This procedural default may be overcome by showing either (1) cause for failing to raise the issue and prejudice or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir .2003).  But the "cause and prejudice" exception revives only defaulted constitutional claims, not non-constitutional sentencing errors. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.1994).  Further, ineffective assistance of counsel claims are an exception to procedural

///

default, since the trial record is often inadequate for the purpose of bringing these claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003) ("[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Id.* at 509.

## III.   DISCUSSION

### A. Appointment of Counsel

Petitioner requests counsel be appointed to assist with his § 2255 Motion. (Reply at 15, ECF No. 417).  An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C. § 3006(A)(2)(B).  The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C. § 3006(A)(2).  The interest of justice so requires where the complexities of the case such that denial of counsel would amount to a denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted.  The issues raised in Petitioner's § 2255 are not complex, and Petitioner has adequately stated his claims. *United States v. Guzman-Cellabos*, No. 2:14-cr-00183, 2023 WL 2020060, at *3 (D. Nev. Feb. 14, 2023).  Having determined the appointment of counsel is not warranted, the Court will next address the merits of Petitioner's § 2255 Motion.

### B. § 2255 Motion

At the outset, the Court notes Petitioner's claims primarily consist of "nesting doll arguments." *Kelley v. United States*, No. 21-cv-5476, 2022 WL 436633, at *4 (W.D. Wash. Sept. 21, 2022).  Rather than asserting actual faults concerning his counsel's performance, Petitioner largely "attempt[s] to shoehorn substantive claims into ineffective-assistance counsel claims," because these arguments were already rejected by this Court and the Ninth Circuit in

Petitioner's direct appeal. "To the extent these claims are merely a re-presentation of claims and substantive arguments rejected by the Ninth Circuit on appeal now couched as ineffective assistance of counsel claims, they [are] barred from reconsideration by way of a § 2255 motion such as this one." *United States v. Lester*, No. 1:14-cr-00236, 2023 WL 113788, at *6 n.7 (E.D. Cal. Jan. 5, 2023) (collecting cases). This bar against relitigating issues in a § 2255 motion is an application of the law of the case doctrine. *See United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012) ("A collateral attack is the 'same case' as the direct appeal proceedings for purposes of the law of the case doctrine."). "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Nevertheless, "[i]n an abundance of caution and in order to minimize the risk of unnecessary future litigation, the Court finds it prudent to evaluate Petitioner's [ineffective assistance of counsel] claim[s] on the merits." *Pete v. United States*, No. 14-cr-338, 2019 WL 4509206, at *3 (C.D. Cal. Aug. 1, 2019).

To prevail on an ineffective assistance of counsel claim, Petitioner must show both (1) deficient performance under an objective standard of reasonableness and (2) prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, "[t]he challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687). To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors," there is a reasonable probability "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine

confidence in the outcome.").  A petitioner must allege facts—not conclusory allegations—to warrant relief. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994).  The Court begins by examining whether Petitioner's counsel was deficient by failing to argue for a more lenient sentence.

### 1. The *Dean* Decision

Petitioner challenges his sentence under the Supreme Court's decision in *Dean v. United States*, 581 U.S. 62 (2017). (§ 2255 Mot. at 18).  Specifically, Petitioner argues that if his counsel had raised *Dean* at sentencing, this Court would have sentenced him differently. (*Id.*). In response, the Government argues Petitioner's reliance on *Dean* is misplaced, and the record belies any contention his counsel was ineffective at sentencing. (Resp. 7:24–9:10, ECF No. 415).

In *Dean*, the Supreme Court held that § 924(c) does not prevent sentencing courts from considering mandatory minimums imposed under § 924(c) when calculating the appropriate sentence for other counts. *Dean*, 581 U.S. 63.  The Court explained that sentencing courts have discretion in the sort of information they consider when setting appropriate sentences, and that courts may consider the length of sentences on other counts, including predicate offenses. *Id.* "Whether the sentence for the predicate offense is one day or one decade, a district court does not violate the terms of § 924(c) so long as it imposes the mandatory minimum 'in addition to' the sentence for the violent or drug trafficking crime." *Id.* at 69.  In *Dean*, there was evidence in the record that the sentencing judge would have given the Petitioner a lesser overall sentence if he were allowed to consider the length of mandatory minimum sentences on other counts. *Id.* at 66 ("It was [the judge's] view [that] he was required to disregard *Dean*'s 30-year mandatory minimum when determining the appropriate sentences for *Dean*'s other counts of conviction."). However, because a sentencing court may consider "a mandatory minimum under § 924(c)

when calculating an appropriate sentence for the predicate offense," the Supreme Court reversed the decision below. *Id.* at 71.

Here, Petitioner's reliance on *Dean* is misplaced, and fails to satisfy either *Strickland* prong. As to whether counsel's failure to raise *Dean* fell below an objective standard of reasonableness, the transcript of Petitioner's sentencing hearing demonstrates the Court was aware of its existing discretionary authority to issue a below-Guidelines sentence. (*See* Sentencing Transcript 32:1–4, ECF No. 410) ("I do think that a downward departure is – or variance, rather, is appropriate due to the fact that he doesn't have any violence in his very long history and that there is some disparity with the codefendants."); (*id.* 32:24–33:5) ("So, [Petitioner], you are hereby committed to the Bureau of Prisons for a sentence of 84 months to Counts 1 and 4 concurrent to each other and 60 months for Count 6 consecutive to Counts 1 and 4. This is a sentence the Court does find to be sufficient but not more than necessary to comply with the purposes of sentencing."). Additionally, the sentencing transcript does not show the Court was inclined to impose a shorter sentence but felt unable to do so because of the applicable law. (*See id.* 30:2–5) ("[Petitioner's] criminal history or criminal acts are increasing in severity and – [the Court] can't ignore the dangerousness of all of the weapons and stolen weapons and the requests by people for a weapon."); (*id.* 30:22–31:2) ("The [Court] think[s] that the 60 months for the firearm is – for Count 6 is really a very fair sentence here, but because of the weapons involved, I think that's going to affect your ability in custody."); (*id.* 31:8–12) ("[B]ut I think that 24 months for Counts 1 and 4 is way too low for the amount of drugs and for his role in the offense. So essentially what I'm saying is: [the Court] think[s] the Government's asking for too much and the defense is asking for too little."). Therefore, "as a practical matter, the transcript belies [Petitioner's] belief that the Court would have given him a lesser sentence if it had the benefit of *Dean*." *Walker v. United States*, No. 15-cr-526, 2018 WL 1997245, at *5 (D. Md. Apr. 27, 2018); *see United States v. Whited*, No. 4:18-cr-00330, 2020

WL 3259164, at *5 (N.D. Ohio June 15, 2020) (denying the petitioner's ineffective assistance argument where their argument rested "under the assumption, without any basis, that if his counsel had mentioned *Dean* by name at sentencing, his sentence would have been shorter"); *Contreras v. United States*, No. 1:15-cr-96, 2018 WL 1371174, at *6 (E.D. Tex. Feb. 26, 2018) (recommending denial of the petitioner's ineffective assistance argument based on *Dean* where there was "no indication in the record or in the transcript of the sentencing to indicate the court thought it was prohibited from considering movant's mandatory minimum sentence in determining a sentence for movant's drug offense"), *report and recommendation adopted*, (E.D. Tex. Mar. 15, 2018).

Moreover, as part of Petitioner's *Dean* argument, he also contends his counsel failed to account in his sentencing argument for the mandatory minimum imposed by his § 924(c) conviction and advocate for a shorter sentence to avoid creating a sentencing disparity when compared to his co-defendants. (§ 2255 Mot. at 18). But Petitioner's argument ignores the fact his counsel made these exact arguments in his Sentencing Memorandum and at the sentencing hearing. (*See* Def.'s Sentencing Mem. 3:26–7:23, ECF No. 362); (Sentencing Transcript 23:14–29:9). "Because the record shows [Petitioner's counsel] did in fact raise these arguments, [Petitioner's] claim that [his counsel's] performance was deficient lacks merit." *United States v. Dorado-Avila*, No. 07-cr-119, 2012 WL 12995440, at *2 (C.D. Cal. Oct. 2, 2021); *see Ayala-Villanueva v. United States*, No. 07-cr-00137, 2009 WL 3443402, at *10 (D. Haw. Oct. 23, 2009) (rejecting the petitioner's ineffective assistance of counsel argument where the petitioner's attorney "did in fact" raise the argument the petitioner now claimed should have been advanced).

For these same reasons, even if Petitioner's counsel's performance was deficient for failing to raise *Dean*, Petitioner would still be unable to show prejudice. First, the sentencing transcript demonstrates the Court was aware of its discretionary authority to issue a below-

Guideline sentence.[1]  Second, Petitioner's counsel argument for a downward departure was rejected by this Court, and there is no evidence to support the conclusion that had he mentioned *Dean* by name at sentencing, Petitioner's sentence would have been shorter.  In sum, the "the record belies [Petitioner's] speculative believe that the Court would have issued a shorter sentence if it had the benefit of *Dean*," and contradicts his claim that Petitioner failed to raise arguments for a downward departure. *Walker*, 2018 WL 1997245, at *5.

### 2. Motions to Suppress

Petitioner first raises two reasons why his counsel ineffectively challenged the search of his Mercedes. (§ 2255 at 19).  First, Petitioner argues his counsel was deficient for failing to challenge the facts contained in the search warrant authorizing the search of premises connected to him. (*Id.* at 20–21).  Second, Petitioner contends his counsel failed to challenge the scope of the search of his Mercedes pursuant to the Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332, (2009). (*Id.* at 21–22).  Next, Petitioner posits his counsel was ineffective for failing to successfully argue for a *Franks* hearing with respect to the affidavit supporting the wiretap. (*Id.* at 22).  Finally, Petitioner raises a series of miscellaneous factual objections relating to both Motions to Suppress he contends demonstrates ineffective of counsel.[2] (*Id.* at 22–25).  In response, the Government argues Petitioner's claims are "either (1) identical to those rejected by the Ninth Circuit in his direct appeal[3] or (2) are legally irrelevant to the

---

[1] Even if the sentencing transcript did not demonstrate the Court's awareness of its discretionary authority, "[t]rial judges are presumed to know the law and to apply it in making their decision(s)." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (quoting *Walton v. Arizona*, 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).  Absent any contrary indication, the presumption is that the Court was aware it had the discretion to issue a below-guidelines sentence if it had chosen to do so, and simply chose not to do so.  Petitioner's conclusory citation to *Dean* in no way rebuts this presumption.

[2] The Court has reviewed Petitioner's miscellaneous factual objections and finds they are without merit.  For the reasons set forth by the Government in its Response, (Resp. 12:1–13:2), none of these factual objections undermine the basis of any search conducted by law enforcement in this case.

[3] For the reasons stated above, although the Court agrees with the Government that Petitioner's claims implicate the relitigation doctrine, it will nevertheless address his claims on the merits.

justification of the of his vehicle" as well as the affidavit underlying the search warrant. (Resp. 9:12–22).  The Court examines each of Petitioner's arguments in turn.

### a. Purported False Statements in the Search Warrant Affidavit

Petitioner claims there were multiple false statements in the affidavit underlying the search warrant, including "that there were multiple buys, when there was only controlled buy," that the controlled buy took place in a truck rather than in his Mercedes, and that the affidavit overstated his criminal history. (§ 2255 Mot. at 21).  In rebuttal, the Government avers that Petitioner "fails to contradict any statements in the affidavit, let alone establish how they are false." (Resp. 10:5–6).  The Government further asserts that Petitioner fails to "establish how any purported deficiencies in the search warrant would [have] undermine[d] the warrantless search of the Mercedes." (*Id.* 10:1–4).

Foremost, Petitioner's counsel's alleged failure to challenge facts contained in the search warrant affidavit has no bearing on the warrantless search of Petitioner's Mercedes.  The warrantless search of Petitioner's Mercedes was conducted pursuant to the automobile exception.  "[U]nder the automobile exception, probable cause alone suffices to justify warrantless search of a vehicle lawfully parked in a public place, so long as the scope of the search is reasonable." *United States v. Bagley*, 772 F.2d 482, 491 (9th Cir. 1985) (citing *California v. Carney*, 471 U.S. 386, 390–94 (1985).  And here, the Magistrate Judge, undersigned, and Ninth Circuit all found that Petitioner's Mercedes was parked in a public place, and that police had probable cause to search his vehicle. *Thompson*, 840 Fed. App'x at 243.  Therefore, to the extent Petitioner claims any purported false statements in the search warrant affidavit impacts the warrantless search of his Mercedes, his argument is misplaced.

Moreover, the Court agrees with the Government that Petitioner fails to contradict any statements in the search warrant affidavit.  Contrary to Petitioner's position, the search warrant affidavit only submits there was one controlled buy, (Search Warrant Affidavit ¶ 21, Ex. A to

Mot. Suppress), and states that Petitioner was driving a truck rather than his Mercedes. (*Id.*, Ex. A to Mot. Suppress).  And as the Government correctly notes, the search warrant affidavit contains no discussion of Petitioner's criminal history.[4] (*See generally id.*).  Accordingly, Petitioner has neither shown his counsel performed deficiently, nor that he was prejudiced, by failing to challenge facts contained in the search warrant affidavit.

### b.  Scope of Search

Petitioner next argues his counsel was deficient for failing to challenge the scope of the search of his Mercedes in light of the Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332 (2009). (§ 2255 Mot. at 21–22); (Reply at 3–8, ECF No. 417).

In *Gant*, the Supreme Court set forth a bright-line rule that is applicable to a vehicle search incident to the arrest of a recent occupant.  Officers are only permitted to search the passenger compartment of an arrestee's automobile if the search (1) is required for officer safety or (2) is necessary to prevent destruction of evidence of the crime for which the recent occupant was arrested. *Id.* at 338.  "In announcing this rule, the Supreme Court explicitly affirmed the continued vitality of the 'automobile exception,' which allows officers to conduct warrantless searches of vehicles if supported by probable cause:" *Ezell v. United States*, No. 05-cr-273, 2010 WL 6667550, at *2 (W.D. Wash. Sept. 17, 2010) (citing *Gant*, 556 U.S. at 336).

Petitioner fails to show how *Gant* would have altered the outcome of his Motion to Suppress.  As the Government explains, the "search of [Petitioner's] Mercedes was not conducted as a search incident to arrest—it was an automobile search supported by probable cause." (Resp. 10:19–11:1) (citing the Magistrate Judge's Report and Recommendation, the undersigned's Order, and the Ninth Circuit's memorandum determining the automobile

---

[4] To the extent Petitioner meant to challenge the description of his criminal history contained in the wiretap affidavit, the Court agrees with the Government that the wiretap affidavit accurately summarizes his criminal history. (*Compare* Presentence Report ("PSR") ¶¶ 105–135, *with* Wiretap Affidavit ¶ 11(a), Ex. A to Mot. Suppress).

1   exception applied).  To the extent Petitioner seeks to dislodge this thrice affirmed

2   determination, his claim is belied by the record.  After tracking the Mercedes from May 3,

3   2016, until July 5, 2016, the DEA had known for some time the role that the vehicle played in

4   the alleged crime. (*See* Aff. ¶ 11 at 37, Gov't. Ex. 2, ECF No. 161).  Indeed, as part of this

5   investigation, undercover police officers made several illegal narcotics purchases from

6   Petitioner, who used the Mercedes to conduct the sales. (*See* R&R 1:22–24, ECF No. 162); (*see*

7   *also* Aff. ¶¶ 8–11 at 36–37, Gov't. Ex. 2, ECF No. 161).  Probable cause existed, which

8   satisfied the automobile exception to the Fourth Amendment warrant requirement.

9           In sum, the Supreme Court's decision in *Gant* is inapplicable, and Petitioner's counsel

10   was not ineffective for failing to assert a futile argument. *See Rupe v. Wood*, 93 F.3d 1434,

11   1445 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance . .

12   . ."); *Borg*, 24 F.3d at 27 ("Counsel's failure to make a futile motion does not consistent

13   ineffective assistance of counsel.").

14           *c.   Franks* **Hearing**

15           Petitioner further asserts his counsel was ineffective for failing to successfully argue for

16   a *Franks* hearing regard the wiretap affidavit. (§ 2255 Mot. at 22).  In response, the

17   Government raises two arguments.  First, the Government asserts Petitioner's claim is barred

18   by the relitigation doctrine. (Resp. 11:12–18).  Second, to the extent Petitioner "attempts to

19   reframe his argument as a failure of counsel to investigate" to avoid the relitigation doctrine,

20   the Government maintains Petitioner's claim still fails because he "provides no indication of

21   what a more fulsome investigation would have revealed." (*Id.* 18–24).  While the Court agrees

22   with the Government that Petitioner attempts to reframe fully litigated issues under the guise of

23   ineffective assistance of counsel claims, the Court finds it prudent to evaluate Petitioner's claim

24   on the merits. *Pete*, 2019 WL 4509206, at *3.  Accordingly, the Court's discussion will be

25   limited to an examination of the Government's second argument.

A *Franks* hearing is necessary if "the defendant makes a substantial showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks*, 438 U.S. at 155–56. "The probable cause standard for a search warrant is whether, based on common sense considerations, there was 'a fair probability that contraband or evidence of a crime [would] be found in a particular place.'" *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014) (quoting *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 2003).

There are two principal deficiencies with Petitioner's argument. First, Petitioner fails to "proffer anything other than naked suspicions that the search warranted contained falsehoods, that the falsehood[s] was intentional or reckless, or that the remaining allegations of the affidavit would not be sufficient to support the search warrant." *Jones v. Ryan*, No. 15-cv-0883, 2016 WL 2587176, at *38 (D. Ariz. Mar. 17, 2016). "It is well-settled that 'conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (alteration in original) (quoting *James*, 24 F.3d at 26). Petitioner's unsubstantiated and conclusory attack on the validity of the wiretap affidavit is insufficient to show a *Franks* hearing was warranted.

Second, and related to the first, even if the Court could somehow find some validity to Petitioner's *Franks* claim, he does not identify with any degree of specificity what a *Franks* hearing would have revealed. Again, conclusory and unsupported arguments do not warrant habeas relief. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986) (explaining court may deny a § 2255 motion containing "no more than conclusory allegations, unsupported by facts and refuted by the record," without a hearing); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of §

2255 motion where the allegations regarding ineffective assistance of counsel were entirely

conclusory and without support in the record).  Accordingly, relief must be denied because

Petitioner's cursory arguments are insufficient to overcome the "strong presumption" that

counsel acted reasonably. *Strickland*, 466 U.S. at 689.

### 3.  Quantity of Drugs at Sentencing

Petitioner next asserts his counsel was ineffective for failing to challenge the quantity of

drugs at sentencing. (§ 2255 Mot. at 26).  In response, the Government posits that Petitioner

stipulated to the drug quantity in his plea agreement, and that had Petitioner's counsel

challenged the drug quantity as Petitioner now claims he should have, he would have breached

the plea agreement and exposed Petitioner to a much longer sentence. (Resp. 13:4–14:11).

A guilty plea "comprehends all of the factual and legal elements necessary to sustain a

binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563,

569 (1989).  Thus, by pleading guilty, a defendant admits the facts constituting the elements of

the charge. *See United States v. Cazares*, 121 F.3d 1241, 1246 (9th Cir. 1997) ("It has long

been settled that a guilty plea is an admission of all the elements of a formal criminal charge.")

(citations and quotations omitted).  "Any attempt to contradict the factual basis of a valid plea

must fail." *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997); *see also United

States v. Mathews*, 833 F.2d 161, 165 (9th Cir. 1987) ("Matthews seeks to avoid his sentence

on the ground that an allegation in the indictment . . . is contradicted by the evidence. By

pleading guilty to the indictment, however, Matthews conclusively admitted the allegation.").

By his plea agreement, Petitioner admitted he "distributed more than 2000 oxycodone 30

mg pills." (Plea Agreement 6:23).  Petitioner again admitted to this fact in open court during his

change of plea hearing. (Mins. Proceeding, ECF No. 355).  Petitioner's present argument is

predicated on a complete repudiation of this fact.  Petitioner's prior admissions are entitled to a

presumption to a truth, and any attempt by Petitioner to contradict a factual basis of his plea fails. *Morrison*, 113 F.3d at 1021.

Furthermore, the Court agrees with the Government that had Petitioner's counsel advanced the argument Petitioner now asserts, it would have constituted a breach of the plea agreement. (*See* Plea Agreement ¶ 31).  And had Petitioner breached the plea agreement, he would have been exposed to a much longer sentence. (*See* Resp. 13:7–13) (listing the additional charges Petitioner would have faced had he breached the plea agreement).  Accordingly, Petitioner's counsel was not deficient in failing to controvert facts Petitioner admitted in his plea agreement and colloquy, particularly when considering that doing so would have exposed him to a harsher sentence. *See United States v. Hoffman*, No. 2:08-cr-027, 2013 WL 5954416, at *3 (D. Nev. Nov. 6, 2013) (finding no ineffective assistance of counsel where "if defense counsel had argued for a departure as [p]etitioner now claims he should have, then defense could have breached the plea agreement[,]" thereby exposing the petitioner to a much longer sentence).

### 4.  Constructive Amendments of Indictment

Finally, Petitioner contends the Third Superseding Indictment brought against him was constructively amended in violation of his due process rights. (§ 2255 Mot. at 27).  In response, the Government asserts that Petitioner's argument is misplaced.  Rather than being constructively amended, the Government explains Petitioner's plea agreement contained a typographical error which the Third Superseding Indictment rectified. (Resp. 14:17–15:4).

A constructive amendment occurs "when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has passed upon them." *United States v. Ward*, 747 F.3d 1184, 1190 (9th Cir. 2014).  Here, Petitioner's argument elevates form over substance.  Petitioner is technically correct the Third Superseding Indictment contained a different term than in his plea agreement.  But this alteration was a mere

correction of a typographical error, not a substantive amendment to the charging terms of the Third Superseding Indictment. And Petitioner's argument ignores the fact he was canvassed regarding the charges of the Third Superseding Indictment, and later pleaded guilty to the charges alleged. (*See* Resp. 15:1–4) (citing the procedural history of this case). Accordingly, no constructive amendment occurred in this case, and Petitioner's counsel was not ineffective for failing to bring this meritless claim.

## C. Evidentiary Hearing

Petitioner further argues an evidentiary hearing is warranted to develop his claims. (§ 2255 Mot. at 28). Under § 2255, the Court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). However, "[n]o hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah*, 878 F.2d at 1158; *see United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004) (holding that no evidentiary hearing is required unless the petitioner raises "detailed and controverted issues of fact"). Here, Petitioner's "conclusory statements in [his] § 2255 [M]otion are not enough to requiring a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (internal quotation marks omitted). And the Court otherwise concludes the detailed record in this matter is a sufficient basis on which to decide Petitioner's claims and determine that he is entitled to no relief. Accordingly, the Court exercises its discretion not to hold an evidentiary hearing. *Shah*, 878 F.2d at 1158.

## D. Certificate of Appealability

A habeas petitioner may not appeal the denial of a § 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district

1   courts retain authority to issue certificates of appealability).  A certificate of appealability is

2   authorized "if the applicant has made a substantial showing of the denial of a constitutional

3   right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1)

4   the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a

5   different manner, or (3) that the questions are adequate to deserve encouragement to proceed

6   further. *Lambright v. Stewart*, 220 F.3d 1022, 1025–26 (9th Cir. 2000) (citing *Slack v.*

7   *McDaniel*, 529 U.S. 473 (2000); *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

8           Based on this Court's review of the record, the issues presented are not debatable among

9   jurists of reason and no issues could be resolved in a different manner.  This Court further finds

10  that no questions are adequate for further proceedings.  Therefore, Petitioner is not entitled to a

11  certificate of appealability.

12  **IV.    CONCLUSION**

13          **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or

14  Correction Sentence under § 2255, (ECF No. 412), is **DENIED**.

15          Dated this <u>28</u> day of June, 2023.

16

17

18          _____
19          Gloria M. Navarro, District Judge
            UNITED STATES DISTRICT COURT
20

21

22

23

24

25